Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
Patrick Chiong,

                                                                     Civil Action No.

                        Plaintiffs,
        v.

                                                            **COMPLAINT**

Quality Health Plans Of New York, Inc,
Safia Khan,
Sabiha Khan,
Haider Khan,
Nazeer Khan, and
Richard Clark
                                      Defendants.
---------------------------------------------------------------x

Plaintiff, Patrick Chiong, by his undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action against the defendants Quality Health Plans Of New York, Inc, Safia Khan, Sabiha Khan, Haider Khan, Nazeer Kan, and Richard Clark (hereinafter, collectively, "Defendants") to recover damages, he is: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all or less compensation then required by minimum wage law; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29 U.S.C. §§201 et

seq.) and NYLL (New York Labor Law §§ 650 et seq. and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff Patrick Chiong is an individual resident of the City and State of New York, with a residence located in Brooklyn, New York.

7. Upon information and belief Defendant QUALITY HEALTH PLANS OF NEW YORK, INC. ("QUALITY") is a domestic corporation located at 2805 VETERANS MEMORIAL HIGHWAY, SUITE 17, RONKONKOMA, NEW YORK, 11779.

8. At relevant times, defendant QUALITY has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, defendant QUALITY has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at relevant times herein, defendant QUALITY has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at relevant times, defendant QUALITY has constituted an "enterprise" as defined in the FLSA.

12. Upon information and belief defendant QUALITY was an employer of Plaintiff PATRICK CHIONG.

13. Upon information and belief Defendant Safia Khan is an individual who is an owner or part owner, manager, and principal of defendant QUALITY, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Upon information and belief, defendant Safia Khan was involved in the day-to-day operations of defendant QUALITY and played an active role in managing the business.

15. Upon information and belief Defendant Sabiha Khan is an individual who is an owner or part owner, manager, and principal of defendant QUALITY, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Upon information and belief, defendant Sabiha Khan was involved in the day-to-day operations of defendant QUALITY and played an active role in managing the business.

17. Upon information and belief defendant Haider Khan is an individual who is an owner or part owner, manager, and principal of defendant QUALITY, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18. Upon information and belief, defendant Haider Khan was involved in the day-to-day operations of defendant QUALITY and played an active role in managing the business.

19. Upon information and belief defendant Nazeer Khan is an individual who is an owner or part owner, manager, and principal of defendant QUALITY, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

20. Upon information and belief defendant Nazeer Khan was involved in the day-to-day operations of defendant QUALITY and played an active role in managing the business.

21. Upon information and belief, defendant Richard Clark is an individual who is an owner or part owner, manager, and principal of defendant QUALITY, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

22. Upon information and belief defendant Richard Clark was involved in the day-to-day operations of defendant QUALITY and played an active role in managing the business.

23. Upon information and belief defendants Nazeer Khan, Haider Khan, Sabiha Khan, and Safia Khan are family members.

24. Defendants are employers within the meaning of the FLSA and New York Labor Law.

25. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## **STATEMENT OF FACTS**

26. Defendants business is primary selling and servicing Medicare Advantage Insurance.

27. Plaintiff was employed as a database entry and IT work for Defendants business.

28. As part of his job Plaintiff would perform database entry tasks and IT work, such as repairing computer issues.

29. Plaintiff was employed by Defendants from approximately October 2014 to July 24, 2018.

30. Plaintiff was scheduled to work Monday to Friday from 8am to 5pm.

31. However, Plaintiff regularly worked from around 7am to at least 5pm, often later.

32. Plaintiff was also required to be on call 24/7, even when he was not at work, in case there was a computer problem that required repair or something needed to be submitted urgently.

33. Plaintiff was also required to work during his "lunch break".

34. Plaintiff was required to work, and actually worked, at least 60 hours, or more, per week.

35. When Plaintiff started, Plaintiff was paid approximately every two week, for a total of approximately $1,730 (before deductions and taxes), regardless of the hours worked.

36. After approximately one year, Plaintiff's salary increased to approximately $1,923 (before deductions and taxes), regardless of the hours worked, for every two weeks.

37. In 2017, Plaintiff's salary increased again to approximetly $2,307 (before deductions and taxes), regardless of the hours worked, for every two weeks. During this time period, Plaintiff would also be paid an additional $600 per month as a 1099 employee, as part of his compensation for working for Defendants.

38. Upon information and belief this 1099 payment was part of a scheme by Defendants to try and avoid legal payment obligations.

39. Defendants did not pay Plaintiff minimum wage, overtime compensation, and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

40. Defendants' failure to pay Plaintiff an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

41. In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

42. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

43. Defendants did not provide Plaintiff with proper wage stubs of hiring statements as required by law.

44. Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signatures acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

45. Defendants failed to provide Plaintiff with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

46. Upon information and belief, while Defendants employed Plaintiff, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

47. Defendants refused to properly pay Plaintiff legal wages.

48. Plaintiff insisted and complained to Defendants that he be paid, a legal wages as required by law, including, but not limited to, overtime.

49. Plaintiff also complained of discriminatory practices, which included preferential treatment given to employees who were of the Muslim religion, which Plaintiff was not.

50. Preferential treatment took many forms, including said Muslim employees being given preference for raises and promotions, vacation time was also approved for Muslim employees in shorts amount of time, while non-Muslim employees vacation time requests were delayed or canceled, and other benefits like this.

51. On July 16, 2018, Plaintiff complained of discrimination and failure to pay overtime to the CEO.

52. Plaintiff was terminated eight days later on July 24, 2018.

53. Defendants unlawfully retaliated against Plaintiff for making complaints requesting that Plaintiff be paid a legal wage and overtime in compliance with the law.

54. Defendants unlawfully retaliated against Plaintiff for making complaints of discrimination.

55. Defendants also further retaliated against Plaintiff by bringing an action against Plaintiff in state court. Said action was filed in Supreme Court in the State of New York, County of NASSAU, with Index Number 611664/2018.

56. Said actions, brought by Defendants against Plaintiff, was brought solely to further harass and retaliate against Plaintiff and to dissuade Plaintiff from filing a claims against Defendants.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

57. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

59. Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

60. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

61. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

62. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

63. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated Plaintiff's rights by failing to pay his compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

66. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

68. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

70. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours he worked in excess of forty hours per workweek.

71. As a result of defendants' willful failure to compensate Plaintiff at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

72. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

73. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

74. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76. Defendants willfully violated Plaintiff's rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

77. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

79. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

80. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

81. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

82. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

83. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

84. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

85. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

86. Defendants willfully violated Plaintiff's rights by failing to provide his with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

87. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

88. Due to defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiff is entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

89. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## COUNT VII

### (Violation of Fair Labor Standards Act – Retaliation)

90. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91. Defendants willfully and unlawfully retaliated against Plaintiff for his exercise of protected activities, namely, the demand to be paid a legal wage, and complains of discrimination.

92. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

93. Defendants conduct violated the FLSA §215.

94. As a direct and proximate consequence of the Defendants' intentional, unlawful and outrageous conduct Plaintiff has suffered and continues to suffer damages including, but not limited to, loss of income, humiliation and mental distress, pain and suffering.

## COUNT VIII

### (Violation of New York Labor Law – Retaliation)

95. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

96. Defendants willfully and unlawfully retaliated against Plaintiff for his exercise of protected activities, namely, the demand to be paid a legal wage, and complains of discrimination.

97. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

98. Defendants' conduct violated the New York Labor Law §215.

99. As a direct and proximate consequence of the Defendants' intentional, unlawful and discriminatory employment policies and practices Plaintiff has suffered and continues to suffer damages including, but not limited to, loss of income, humiliation and mental distress, pain and suffering.

## COUNT IX

### (Violation of Title VII – Discrimination)

100. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101. Plaintiff alleges that the Title VII violation was motivated by either discriminatory animus or ill will due to gender, race, national origin, religion, or retaliation.

102. Defendant acted with malice and reckless indifference to plaintiff's rights under Title VII.

103. The actions of Defendants support a Title VII claim for money damages for gender, race, religion, and national origin discrimination and retaliation.

## COUNT X

### (Violation of 42 U.S.C. § 1983)

104. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

105. The actions of the Defendants support a §1983 claim a deprivation of rights secured by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, in that Plaintiff, while engaged in a protected activity, was selectively treated and subjected to retaliation, when compared with similarly situated individuals, and such selective treatment and retaliation was based on impermissible considerations such as gender, race, religion, and national origin.

106. Muslim employees were treated differently and more preferentially by Defendants.

107. The actions of Defendants support a §1983 claim for money damages for gender, race, religion, and national origin discrimination and retaliation.

## COUNT XI

### (Violation of NYCHRL)

108. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

109. At all times relevant in this action, Plaintiff was entitled to the rights, protections and benefits provided under §§ 8-107 (1) (a), 8-107 (6) and 8-107 (7) for the NYCHRL relating to its protections from discriminatory and retaliatory actions by an employer or an employee or agent thereof, on the basis of gender, race, and national origin.

110. The actions of Defendants constitute gender, race, and national origin discrimination in violation of the provisions of § 8-107 (1) (a) of the NYCHRL.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. Compensatory, Liquidated, and Statutory damages, including front pay and back pay, for defendants retaliation against Plaintiff in violation of New York Labor and the FLSA;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Enter judgment in favor of the Plaintiff, for her claims for relief, under Title VII, including monetary relief, including back pay and front pay in lieu of reinstatement, plus prejudgment interest;

m. Enter judgment declaring the Defendants' actions constitute a violation of §§ 1981 and 1983 for a deprivation of rights secured by the Fourteenth Amendment of the United States Constitution and a violation of the NYCHRL relating to gender, race, religion, and national origin discrimination and constitute retaliation under the NYCHRL.

n. Such other, further, and different relief as this Court deems just and proper.


Dated: New York, NY
       December 13, 2019

                                Respectfully submitted,


                                /s/Vincent S. Wong
                                Vincent S. Wong, Esq. (VW9016)